that under these pleadings there is a long account involved of seventy-three items, with the probability of a separate and distinct contest over each item. The order should, therefore, be affirmed, with ten dollars costs and disbursements of the appeal.

VAN BRUNT, Ch. J., and BRADY, J., concur.

---

In the Matter of the Claim of SARAH BERTHOLF, Appellant, *v.* ALFRED CARR, Executor, etc., Respondent.

*Supreme Court, First Department, General Term, July 9, 1889.*

*Costs. Disputed claim.*—On a reference of a disputed claim, § 3246 of the Code withholds from a successful claimant the right to disbursements, but makes them discretionary.

Appeal from an order denying claimant's motion to be allowed the fees of the referee, witnesses and other necessary disbursements.

*John Townshend*, for appellant.

*A. B. Carrington*, for respondent.

PER CURIAM.—The claim of the appellant against the respondent, as executor, was referred to a referee, under the statute. The claimant recovered a judgment. She concedes, on this appeal, that she was not entitled to costs, but insists that she should have been allowed the fees of the referee and witnesses and other necessary disbursements. The question thus raised has been passed upon adversely to the contention of the appellant by the general term of the

third department, which held in the case of Miller *v.* Miller (32 Hun, 481) that section 3246 of the Code of Civil Procedure is a substitute for section 317 of the old Code, and withholds from the successful claimant the right to disbursements which he had under the latter section.

There was no error in the action of the court below, and the order there made should be affirmed.

---

In the Matter of FREEMAN J. FITHIAN, Deceased.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Appeal. Conclusion.*—A conclusion that, because there is no evidence of the disposition of the fund by a testator, it came into the possession of his executor, is not a conclusion of law.
2. *Finding of facts.*—From a finding of fact that the testator received and deposited to his own account in bank trust moneys, a conclusion of law cannot be drawn that his executor is to be individually charged with the same.
3. *Same.*—The finding by a referee that there is no evidence upon a certain point is not a conclusion of fact, but is simply a statement of something that has not occurred during the trial, and such finding has no place as a finding of fact.
4. *Same. Upon what heard.*—An appeal, where the evidence is not included in the case, can only be considered upon the findings as sustained by the surrogate upon the confirmation of the referee's report.

Appeal from a portion of the surrogate's decree sustaining certain exception to the report of the referee.

*Cornell, Secor & Paige* (*Noah Davis*, of counsel), for appellant.

*G. W. Cotterill*, for respondent.

VAN BRUNT, P. J.—The evidence upon which the learned